NOT DESIGNATED FOR PUBLICATION

No. 113,289

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of:
M.M.-S., a Juvenile,
Year of Birth: 2000.

MEMORANDUM OPINION

Appeal from Harper District Court; JAMES RICHARD BILES, magistrate judge. Opinion filed
November 6, 2015. Vacated and remanded with directions.

*Elaine M. Esparza*, of Harper, for appellant.

*Janis I. Knox*, county attorney, for appellee.

Before ATCHESON, P.J., SCHROEDER, J., and HEBERT, S.J.

*Per Curiam*: M.M.-S., a juvenile, pled guilty to one count of driving with no valid
license and one count of failure to stop and remain at the scene of an accident with
property damage. On appeal, M.M.-S. argues that the district court erred by ordering
restitution and by failing to consider his ability to pay attorney fees.

We agree that the district court erred by imposing restitution and reverse and
vacate that judgment. We further remand for determination of a specific and reasonable
amount, if any, for attorney fees to be assessed.

1

*Factual and Procedural Background*

M.M.-S., a 14-year-old male, was driving a 2003 Mercedes passenger car in Harper on April 15, 2014. The car he was driving was involved in an automobile accident with a 2004 Ford minivan. One person in the minivan was injured. M.M.-S. left the scene without rendering aid and/or exchanging insurance information. A law enforcement officer investigated the accident and determined that M.M.-S. did not have a driver's license and was unable to provide current insurance information for the 2003 Mercedes. M.M.-S. was charged as a juvenile with one count of driving with no valid license, one count of no proof of liability insurance, and one count of failure to stop and remain at the scene of an accident with property damage.

At a subsequent plea hearing, the count regarding no proof of liability insurance was dismissed, and M.M.-S. pled guilty to the two remaining counts. A plea advisory form initialed by M.M.-S. provided that he may be ordered to pay restitution but the parties have not included a transcript of the plea hearing in the record on appeal. A sentencing hearing was apparently held on January 20, 2015, but no record was taken of that hearing. A subsequent hearing was held after the parties were unable to agree upon the specific wording of the journal entry. M.M.-S. argued that the district court had not determined he caused the accident, and objected to including such a finding in the journal entry. The district court stated: "After reviewing the file the court reasons that the court would not have ordered restitution to be paid by [M.M.-S.] if the court did not find that the juvenile had caused the wreck."

M.M.-S. was placed on probation for 1 year. The district court also ordered:

"Juvenile shall pay court costs of $56.00, probation fee of $60.00, and attorney fees to be determined[.] Juvenile shall complete 30 hours of community service and after that has been completed, juvenile shall be entitled to perform further community service at the

2

rate of $6.00 per hour toward his attorney fees. Further, the court finds that the fair market value of the vehicle damaged in the wreck caused by the juvenile was less than the repair cost and so orders the juvenile to pay restitution . . . in the amount of $3,600.00."

M.M.-S. timely appealed.

*The district court erred by ordering M.M.-S. to pay restitution.*

On appeal, M.M.-S. argues that the order of restitution was not proper in this case because the district court's finding that the juvenile caused the accident "was made without any evidence at all being presented at either the adjudication or the motion hearing."

As a preliminary matter, we note that, for reasons unknown, the district court failed to have a record made of the sentencing hearing. While K.S.A. 2014 Supp. 38-2353, regarding "open hearings," does not appear to require a record, better practice is for the district court to record all significant proceedings. A more complete record would certainly have assisted in appellate review in this case. We further note that neither party attempted to satisfy the situation with a statement prepared pursuant to Supreme Court Rule 3.04(a) (2014 Kan. Ct. R. Annot. 24). Ordinarily, the party claiming error has the burden of designating a record that affirmatively shows prejudicial error, and without such a record an appellate court may presume that the action of the district court was proper. *State v. Bridges,* 297 Kan. 989, 1001, 306 P.3d 244 (2013).

However, the sparse record on appeal and the argument raised by M.M.-S. is sufficient to present a question regarding the proper application of K.S.A. 2014 Supp. 38-2361(d)(1), the statute providing for restitution in juvenile cases. As such, our review is unlimited. *State v. Vrabel,* 301 Kan. 797, 802, 347 P.3d 201 (2015).

3

K.S.A. 2014 Supp. 38-2361(d)(1) provides: "The court shall order the juvenile to make reparation or restitution to the aggrieved party for the damage or loss caused by the juvenile offender's offense unless it finds compelling circumstances that would render a plan or reparation unworkable."

M.M.-S. pled guilty to driving with no valid license and to failure to stop and remain at the scene of the accident. He did not admit to causing the accident, and restitution was not part of the plea agreement.

An order of restitution requires establishment of a causal connection between the illegal conduct and the victim's damages. We find no such causal connection between the simple offense of driving without a license and the fact that an accident occurred. The essence of the offense is "without a valid license," not simply "driving." The presence or absence of a license did not cause or contribute to any damages sustained by the aggrieved party. Similarly, leaving the scene of the accident after it had already occurred in no way contributed to any property damage incurred by the other driver. M.M.-S. was not even charged with, much less convicted of, any offense such as careless, inattentive, or reckless driving, or any other offense implicating the *manner* in which the vehicle was being operated which could arguably support an inference of causation sufficient to justify an order of restitution upon proper consideration.

Under a proper application of the clear language of K.S.A. 2014 Supp. 38-2361(d)(1), the order of restitution is not supported by the offenses of which M.M.-S. was convicted. The order of restitution is reversed and vacated.

*Attorney fees were not properly determined.*

M.M.-S. argues that the district court erred by failing to consider his ability to pay attorney fees and the financial burden payment would impose.

4

Again, the record on appeal gives no indication of what transpired at the sentencing hearing. We are left to speculate as to the intentions of, and considerations undertaken by, the district court.

More importantly, however, the sentencing order only refers to "attorney fees to be determined," although it further provides that the juvenile may perform community service at the rate of $6 per hour toward his attorney fees.

This order is incomplete and unenforceable. There is no indication in the record on appeal that any attorney fee amount was ever determined. We vacate the order insofar as it refers to attorney fees and remand the matter to the district court with instructions to conduct further inquiry and to make an appropriate determination on the record of what, if any, specific and reasonable attorney fees should be assessed against the juvenile.

Order of restitution is reversed and vacated; order for attorney fees is vacated and remanded with instructions.